IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., ) ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Civil No. 1:17-cv-795-CMH-MSN |
| ALBUQUERQUE FIRE/LIFE SAFETY CONSULTANTS, LLC d/b/a ABSOLUTE MECHANICAL, LLC, ) ) ) ) | |
| Defendant. ) | |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiffs' Motion for Entry of Default Judgment (Dkt. No. 8). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in Plaintiffs' favor for the reasons that follow.

**I.   Background**

On July 13, 2017, Plaintiffs[1]—employee pension benefit plans and the Trustees of the Funds—filed a Complaint against Defendant Albuquerque Fire/Life Safety Consultants, LLC d/b/a Absolute Mechanical, LLC pursuant to Sections 502(a)(3), (d)(1), (g)(2), and 515 of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. *See* Compl. ¶ 1 (Dkt. No. 1). Plaintiffs seek a monetary judgment for delinquent contributions, accrued interest, liquidated damages, late fees, attorneys'

---

[1] Plaintiffs are collectively Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF"); Board of Trustees, International Training Institute of the Sheet Metal and Air Conditioning Industry ("ITI"); Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"); Board of Trustees, Sheet Metal Occupational Health Institute Trust ("SMOHIT"); and Board of Trustees, National Energy Management Institute Committee ("NEMIC").

fees, and costs in addition to the amounts that become due through the date of judgment. *Id.* Plaintiffs allege that from July 2016 to May 2017, Defendant, which was, "[a]t all times relevant[,] . . . signatory to, and bound by, a collective bargaining agreement[,]" employed workers within Local 49's jurisdiction and "failed to make all required contributions." *Id.* ¶¶ 13, 18, 21–23. From July 2016 to December 2016 specifically, Defendant paid its contributions late. *Id.* ¶ 22. From January 2017 to May 2017, Defendant neglected to remit any contributions to the Funds. *Id.* ¶ 23. Pursuant to the agreement, Defendant is obligated to do the following:

1) "[S]ubmit monthly remittance reports and fringe benefit contributions to NPF, ITI, SASMI, SMOHIT, and NEMIC [collectively Plaintiffs] for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 49."

2) "[A]bide by the terms and conditions of the Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Board of Trustees . . . ."

*Id.* ¶¶ 13–14. The Trust Document, Sections 502 and 515 of ERISA, and Section 301 of LMRA also provide that "if Defendant fails to timely submit the contractually required remittance reports and contribution payments, and the Funds file a lawsuit to recover the unpaid contributions, [Defendant] is required to pay the following amounts to the Funds:

a) Interest on the delinquent contributions at a rate of 0.0233% per day, compounded daily;

b) Late fees equal to the greater of: fifty dollars ($50.00) or ten percent (10%) of the contributions due for each month of contributions paid after the Due Date, and before any lawsuit is filed[;]

c) Liquidated damages equal to the greater of: interest on the delinquent contributions at the above rate or twenty percent (20%) of the delinquent contributions owed upon commencement of litigation; and

d) The attorneys' fees and costs incurred by the Funds in pursuing the delinquent amounts, including the attorneys' fees and costs in this action."

2

*Id.* ¶ 17; *see* Ex. 3, Trust Document at 57–58 (Dkt. No. 8-2).

Before initiating litigation, Plaintiffs sent letters and attempted to contact Defendant to obtain the contributions due. *Id.* ¶ 26. As of July 11, 2017, Defendant owed Plaintiffs $47,192.23 in contributions; $1,550.37 in interest; $9,438.39 in liquidated damages; and $4,350.94 in late fees for delayed contributions. *Id.* ¶ 24. Plaintiffs now seek recovery of $62,531.93, plus additional daily interest through the date of payment. *Id.* ¶ 25.

## II. Procedural History

On August 2, 2017, Plaintiff's process server personally served Defendant through its registered agent, Patrick Wheeler, pursuant to Federal Rule of Civil Procedure 4(c), (e), and (h) (Dkt. No. 5). *See* Corporation Business Search for Albuquerque Fire/Life Safety Consultants, LLC, New Mexico Secretary of State, https://portal.sos.state.nm.us/BFS/online/Corporation BusinessSearch/CorporationBusinessInformation (listing Patrick Wheeler as Defendant's registered agent). Defendant did not file a response within 21 days of receipt (*i.e.* August 23, 2017) (Dkt. Nos. 5–6, 6-1, 8). On September 1, 2017, the Clerk entered a default against Defendant (Dkt. No. 7). Six days later, Plaintiffs filed this Motion for Default Judgment (Dkt. No. 8).

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that Defendant has been properly served pursuant to Federal Rule 4(h)(1)(B). *See* Summons Return Executed (Dkt. No. 5); Brief in Supp. of Pl.'s Mot. for Default J. at 3 (Dkt. No. 8-1). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 1132(e)–(f), 185(c), as Plaintiffs seek relief under ERISA. Brief in Supp. of Pl.'s Mot. for Default J. at 4; Compl. ¶ 2.

This Court also has personal jurisdiction over Defendant. While Defendant is incorporated in New Mexico and has its principal place of business in that state, ERISA provides that "an action . . . may be brought in the district where the plan is administered, where the breach took place, or

where a defendant resides or may be found . . . ." 29 U.S.C. § 1132(e)(2); Compl. ¶ 11. The Funds are administered in Fairfax, Virginia, which is within the Eastern District of Virginia. *See* Brief in Supp. of Pl.'s Mot. for Default J. at 4. Venue is proper pursuant to 28 U.S.C. § 1391 and 29 U.S.C. §§ 185(a), 1132(e)(2) because a substantial part of the events or omissions giving rise to the claim against Defendant occurred within the Eastern District of Virginia. *See* Compl. ¶ 3; *Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV.    Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendant has not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint—and supported by Plaintiffs' Brief in Support of Plaintiffs' Motion for Default Judgment, declarations, and exhibits—establish that Defendant failed to make timely contributions to Plaintiffs on behalf of its Local 49 employees from July 2016 to December 2016, and failed to remit any contributions to the Funds from January 2017 to May 2017. Compl. ¶¶ 18, 22–23. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Document, ERISA, 29 U.S.C. §§ 1132(a)(3), 1145, and the LMRA, 29 U.S.C. § 185, and Plaintiffs are therefore entitled to default judgment in their favor and damages as detailed below.

### A. Unpaid Contributions, Late Fees, Interest, and Liquidated Damages

Article V, Section 2 of the Trust Document provides: "Employers shall submit a remittance report in a form acceptance to the Plan and shall remit the required Contributions no later than the twentieth (20th) of the month following the month in which Covered Employment was performed or at such other time as the Plan prescribes. Failure to file an accurate report and to timely pay all Contributions due shall constitute a delinquency." Ex. 2, Trust Document at 57 (Dkt. No. 8-2). According to remittance reports submitted by Defendant and the declaration of NPF's Billing Manager, Walter Shaw, who oversees employers' obligations to the Sheet Metal Workers Benefit Funds, Defendant owes $47,192.23 in unpaid contributions for the period of January 2017 to May 2017. *See* Shaw Decl. ¶ 10 (Dkt. No. 8-2); Ex 3 at 83 (Dkt. No. 8-2); Compl. ¶ 24.

Section 2 also requires delinquent employers to pay, in addition to unpaid contributions:

1. Late fees equal to the greater of 10 percent of the delinquent contributions or $50.00;

2. Interest at a rate of 0.0233 percent per day, compounded daily, until paid;

3. Liquidated damages equal to the greater of 20 percent of the delinquent contributions or interest on all delinquent contributions; and

4. Reasonable attorneys' fees and costs incurred in collection.

Ex. 2, Trust Document at 57–58 (Dkt. No. 8-2). Pursuant to the collective bargaining agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) interest on late or unpaid contributions accruing from the date due through the date of payment; (3) liquidated damages; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on Walter Shaw's Declaration, and the exhibits attached thereto, Defendant owes the following amounts, exclusive of legal fees:

| Fund | Delinquent Contributions | Late Fees | Accrued Interest | Liquidated Damages | Fund Total |
|---|---|---|---|---|---|
| *NPF* | $40,315.02 | $3,709.36 | $1,322.70 | $8,063.01 | $53,410.09 |
| *ITI* | $589.32 | $56.04 | $19.72 | $117.84 | $782.92 |
| *SMOHIT* | $98.22 | $9.33 | $3.31 | $19.62 | $130.48 |
| *NEMIC* | $147.35 | $14.02 | $4.97 | $29.48 | $195.82 |
| *SASMI* | $6,042.32 | $562.19 | $199.67 | $1,208.44 | $8,012.62 |
| Total | $47,192.23 | $4,350.94 | $1,550.37 | $9,438.39 | **$62,531.93** |

Shaw Decl. ¶ 10 (Dkt. No. 8-2); Ex 3 at 83 (Dkt. No. 8-2); Compl. ¶¶ 24–25.

### B. Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. Diane Bardes' Declaration and the exhibit attached thereto establish that Plaintiffs have incurred $2,366.50 in attorneys' fees—based on 12.2 hours of counsel time at a rate of $250.00 per hour for associates and $150.00 per hour for paralegals—and $614.16 in costs in connection with this matter through September 5, 2017. Bardes Decl. at 2 (Dkt. No. 8-3); Ex. 1,

6

Fees Spreadsheet (Dkt. No. 8-3). The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $65,512.59.

## VI.    Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of **$65,512.59** plus interest on late paid and delinquent contributions continuing to accrue at a rate of 0.0233 percent per day, compounded daily (8.50 percent per annum) until full payment is made.

## VII.    Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

October 20, 2017
Alexandria, Virginia